UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BORAZJONI,<br><br>      Plaintiff,<br><br>v.<br><br>HOMEBRIDGE FINANCIAL SERVICES, INC. et al.,<br><br>      Defendants. | Case No. 2:24-cv-05300-SB-SK<br><br><br>ORDER TO SHOW CAUSE RE SUBJECT-MATTER JURISDICTION |

      Plaintiff John Borazjoni filed his complaint case on June 24, 2024, against Defendants Homebridge Financial Services, Inc. and Mortgage Electronic Registration Systems, Inc. (MERS) asserting diversity jurisdiction. Dkt. No. 1.

      Federal courts have subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). This Court has a duty to assess whether federal subject-matter jurisdiction exists and may consider the issue sua sponte at any stage of the proceedings. *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (recognizing that "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case").

      A federal district court has original jurisdiction over a civil action when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). Complete diversity means that each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

      In the complaint, Plaintiff asserts that he is a citizen of California and that Homebridge is incorporated in, and maintains its principal place of business in, New Jersey, making it a New Jersey citizen. Dkt. No. 1 at 3. However, Plaintiff fails to allege MERS's citizenship. Because there must be complete diversity of citizenship, and because Plaintiff has failed to allege MERS's citizenship, the Court is unable to determine whether it may properly exercise jurisdiction.

      Accordingly, Plaintiff is ORDERED to show cause, in writing, by no later than July 12, 2024, why the Court has jurisdiction over this case by demonstrating complete diversity of citizenship between the parties. *Failure to timely comply will be construed as consent to dismissal.*

Date: July 1, 2024

                                                Stanley Blumenfeld, Jr.
                                                United States District Judge