UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BORAZJONI,<br><br>    Plaintiff,<br><br>v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br><br>    Defendant. | Case No. 2:24-cv-05300-SB-SK<br><br>ORDER TO SHOW CAUSE WHY THE DEFAULT AGAINST DEFENDANT MERS SHOULD NOT BE VACATED AND THE CASE DISMISSED FOR FAILURE TO TIMELY SERVE |

Plaintiff's proof of service states that a third party served Defendant Mortgage Electronic Registration Systems, Inc. (MERS) by certified mail at addresses in Danville, Illinois and Flint, Michigan. Dkt. No. 12. On August 15, 2024, after 21 days had passed from the time of service, Plaintiff filed an application for entry of default against MERS and a declaration in support of the application. Dkt. Nos. 17, 18. The clerk's office then entered default against MERS. Dkt. No. 19. It appears that service was improper and that the entry of default should be set aside.

The Illinois, Michigan, and California Secretary of State websites indicate that MERS is a corporation. Federal Rule of Civil Procedure 4 provides that a party may serve a corporation under the law of the state where the district court is located or where service is made. Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1).[1] The Court therefore looks to Illinois, Michigan, and California law to determine whether Plaintiff's service by certified mail was proper.

---

[1] Rule 4 also authorizes service on a corporation by delivery to an officer, managing or general agent, or agent authorized to receive service. Fed. R. Civ. P. 4(h)(1)(B). Because Plaintiff did not serve by personal delivery, Rule 4(h)(1)(B) is inapplicable. Dkt. No. 12.

1

Illinois law does not authorize service on a corporation by certified mail. *See* 735 Ill. Comp. Stat. 5/2-203, 5/2-204 (providing for service on private corporation by leaving process with officer or agent); *id.* 5/2-206 (providing for service by publication and mail where defendant has gone out of state or "on due inquiry cannot be found"); *Goode v. PennyMac Loan Servs., LLC*, 2014 WL 6461689, at *9 (N.D. Ill. Nov. 18, 2014) ("Certified mail is [] not listed as an appropriate method of serving corporations in the text of . . . the relevant state statutes."). Service appears, therefore, to be improper under Illinois law.

Michigan law allows for service by "registered mail" on a corporation where the corporation "has failed to appoint and maintain a registered agent." MCR 2.105(D)(4)(a). The summons and complaint must also be mailed to the Michigan Bureau of Commercial Services, Corporation Division. *Id.* Even assuming that MERS does not have a registered agent, Plaintiff failed to serve by *registered* mail as required under the MCR 2.105(D)(4)(a) and did not serve the Michigan Bureau of Commercial Services. Plaintiff's attempted service by certified mail, therefore, does not appear to comply with Michigan law. *See Bullington v. Corbell*, 809 N.W.2d 657, 662 (2011) ("The court rules simply do not contemplate that a plaintiff may use certified mail as an initial form of service on corporate entities of any kind.").

California Civil Procedure Code § 415.40 provides that service on a person outside the state may be made "by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt." The proof of service must include "evidence satisfactory to the court establishing actual delivery to the person to be served." Cal. Civ. Proc. Code § 417.20(a). Under California law, only the designated agent for service of process, general manager, or other specific corporate officers are authorized to accept service on behalf of a corporation. *Id.* § 416.10. As to his attempted service in Illinois, Plaintiff states that a "Pomili J. Roy" signed the certified mail receipt and is "designated by law to accept service" on behalf of MERS. Dkt. No. 12 at 2 of 8. However, Roy is not listed as a registered agent for MERS on the Illinois Secretary of State website, and Plaintiff has made no showing that Roy is an agent authorized to accept service. Roy's signature alone is insufficient to demonstrate service on the corporation. *See Dill v. Berquist Constr. Co.*, 24 Cal. App. 4th 1426, 1438 (1994) ("[T]he fact that a person is authorized to receive mail on behalf of a corporation and to sign receipts acknowledging the delivery of that mail does not mean that the same person is authorized by the corporation to accept service of process."). As to the Michigan address, the mail receipt was stamped by the "MERS Mailroom." Dkt. No. 12 at 7 of 8. Plaintiff has not made any attempt

to demonstrate that an agent authorized to accept service was served at the Michigan address.  Plaintiff, therefore, has not shown proper service on MERS under §§ 415.40 and 416.10.

Because it appears that MERS—the only remaining defendant—has not been properly served, the Court vacates the mandatory scheduling conference set for September 27, 2024.[2]  The Court also orders Plaintiff to show cause, in writing, by October 1, why the Court should not vacate the default and dismiss the action if he fails to file a valid proof of service as to MERS before the 90-day expiration of his time to serve under Federal Rule of Civil Procedure 4(m).  Failure to timely respond to the Court's order to show cause will be deemed consent to vacating the default and dismissing without prejudice Plaintiff's claims against MERS.

Date: September 18, 2024                               _____
                                                                                Stanley Blumenfeld, Jr.
                                                                                United States District Judge

---

[2] Plaintiff has voluntarily dismissed the other defendant in this case, Homebridge Financial Services Inc.  Dkt. No. 30.  Homebridge's motion to dismiss at Dkt. No. 20 is therefore denied as moot, and the September 27 hearing on the motion is vacated.